We have four argued cases this morning. The first is 22-1411 Monterey Research, LLC v. STMicroelectronics. Mr. Mazzotti. Thank you, Your Honors. Kayvon Mazzotti for Appellant Monterey Research, and may it please the Court. So, could I just clarify one thing before we get started? If I understand correctly, the substantially oblong issue affects all of the claims at issue, but the single local interconnect only affects a subset, is that right? That's correct, Your Honors. Okay, go ahead. And it was my intention to start with the single local interconnect layer issue, but if the Court would like me to do something different. No, no, no, go ahead. Thank you. Your Honors, with respect to the single local interconnect layer issue, the Board's error was an error of law in terms of claim construction. The prosecution history evidences that the patentee expressly amended the claims during the reexamination in front of three examiners to exclude the design of OSADA, in particular, that specific reference. And yet, the Board found that the proper construction of the claim should be such that it would encompass OSADA's design. There has never been, to my knowledge, a case from this Court that has accepted a construction that encompasses the same prior art that the patentee expressly amended the claims to overcome, and that examiners acknowledge the amendment to overcome. See, I'm not sure that's the right approach. Just to be clear about it, without the prosecution history, the Board's construction would be correct, right? Not necessarily, Your Honor. Yes, thank you, Your Honor. So, this is not the case that the appellee represents where nothing in the claim language supports the construction that Monterey is seeking, and that we have to look entirely beyond the claim language. The claim language, the relevant key language that the Board overlooked and failed to get back to in its construction, is the following. A single local interconnect layer, the Board addressed that part, but comprising local interconnects, corresponding to bit lines and a global word line. And it's really that part of the claim limitation comprising local interconnects, the significance of local as modifying interconnects and limiting interconnects, as well as the fact that the local interconnects have to correspond to bit lines and a global word line. And the point of dispute and the failing on the part of the Board here is to give effect to that language in the claim limitation based on the prosecution history and what the prosecution history tells us about what that language means. And effectively, the Board said, when I look at the prosecution history, I don't really get it. To sort of summarize the Board's position, they said, I don't understand what it is about this prosecution history that you think makes your claim any different than Osada. Well, we find that addressed by AMD's own statements in its petition, where AMD clearly did understand what the prosecution history evidence is and how it narrows. Okay, but that really doesn't help that much. Under personalized media in these other cases, you have to look at what was said during the prosecution to see whether it's inconsistent or consistent with one construction or the other. And I guess I'm struck by the statement that appears in JA-12603, which is that all the meetings and hearings and the remodeling are designed in single layers. I mean, I would have thought that was consistent with your construction, but not with the Board's construction. That's exactly right, Your Honor. And that statement at Appendix 1262, as well as a similar further explanatory comment at 1267, is exactly what AMD itself cited when it gave an interpretation of the prosecution history that's consistent with our construction. So I agree, of course, that the analysis has to be based on what was in the prosecution history. But one component of a prosecution history analysis is, does the prosecution history evidence a sufficiently clear understanding that those of skill in the art would have taken the meaning that the patentee is asking for in its claim construction? And here we have that evidence, because AMD took away the same understanding of the prosecution history that we've argued for. Well, let's just assume for the moment that was just a litigation position that AMD took in a paper to figure out a way to match up its preferred prior art to the claims. But in the end, if we're going to really figure out to what degree there was prosecution disclaimer, we have to look at the prosecution history itself. And that's what matters and what you said. And exactly how the examiner did or did not map the claim to the prior art, that's, I guess, one component. But prosecution disclaimer comes down to what you said in the prosecution and then what we take away from those statements. So let's start there. Where in the prosecution history, what is the quotable quote from there that the applicant said that tells us how to understand this term, single interconnect? Yes, Your Honor. So I want to walk through the prosecution history statements, but just as a prelude, the case law from this court also gives emphasis to the fact that the examiner evidenced the same understanding, a common understanding with the applicant and that that is reflected, for example, in a notice of allowance. And we have those further facts here as well, which we think are helpful to establishing that there was a prosecution history clarification of the scope of the claims. Now, it does not need to rise to the level of disclaimer. We think it does. But personalized media, for example, tells us... So it has to be clear. It has to be clear. It has to be clear. I don't think the fact that they distinguish something really is conclusive at all. I mean, you have Ryan v. John B. R. Brick, ages of the lion. The Supreme Court says the examiner allowed something, but there was no basis for an argument that it was distinct from the patent convention. But go ahead. Yes, Your Honor. Judge Dyke, I want to fully agree with you in the sense that the mere fact that we said we are different than OSADA during prosecution, that itself is not the claim construction. Okay. You have to point to language. Yes. Particularly language by the patentee that shows the rejected towards construction and without the rules. So, of course, that Appendix 1262, I think, is one of the key starting points where the patentee explained that under the amended claim language, all the runs for the bit lines, VCC, VSS, and the word line are provided in the single layer of Figure 3 of the patent. And in other, for example... I guess that seems to me the sentence of greatest interest. It doesn't say that under the amended language, all runs for bit lines are in a single layer. It says something about Figure 3, not about the meaning of the new language. I guess I'd like you to help me understand whether what I just said, A, is right and B, matters. Yes, Your Honor. So I think that's an important point. The prosecution history in that section in 1262 was discussing Figure 3, but in 1268, for instance, the patentee makes it clear that they are effectively reciting the design of Figure 3 for purposes of the claim amendment. And there are other citations... I'm sorry, you said 1268? 1268, Your Honor. Let me try to... So I can go back into the language. So, for example, 1268 provides the exemplary support for the claim changes and it cites to Figure 3 repeatedly. 1262 itself... But Figure 3 is not clear, is it? It's not clear from Figure 3 itself whether it supports your construction or the Board's construction. Actually, I think it is clear from Figure 3 and helpfully the Board appears to have acknowledged that Figure 3 is consistent with the construction we see from its teachings at Appendix 87. The Board made the finding that in Figure 3, the local interconnects for the bit lines and word line laterally displace the relevant components all within that single layer of Figure 3. I'm sorry, does that address the question or would you like me to expand on that? But the Board also went further by pointing out that maybe it can be routed horizontally, but it's not required. There's nothing in the specter claims that requires such a routing arrangement. I'm looking at 87 and then back to 65. Yes, Your Honor. So I think this is where the Board effectively took the view that although Figure 3 is an embodiment disclosed in the patent and although that embodiment teaches what we are seeking for the claim construction, that the specification itself and the claims, according to the Board, do not limit the invention to the design of Figure 3. And our point is, well, that's what happened in the prosecution history. So where does the Board say that Figure 3 is an embodiment that shows all the connections all within a single layer? Appendix 87, Your Honor. And then I would like to come back to Appendix 1262 and the connection between Figure 3 and the claims if I could. This is a sentence about eight lines down. Thus, although the embodiment shown in Figure 3 illustrates routing bit line and word line signals along an interconnect layer to connect laterally displaced, neither the spec nor the claims require that. Is that the sentence here? Yes, Your Honor. And that might be enough for it to supply the written description support in that table on 1268 without limiting the new claim language to that. So in our briefing, in our opening brief, we make this connection between the intent of the patentee in terms of the amendment and the limitation to the embodiment of Figure 3. And that happens in multiple parts of the prosecution history that we outlined in our opening brief. But if you look at 1262 itself, the discussion with respect to Figure 3 there is in the context of summarizing the conversation between the applicant and the examiners with respect to further amendments. And the summary states that the patentee explained to the examiners, we are trying to get the embodiment of Figure 3 for this claim limitation. And here's how the embodiment of Figure 3 works. And here's why that is different than OSADA. So the connection between Figure 3 and the claim limitation is one-to-one. It's not simply one way of practicing the limitation. It is the way of the limitation. At the bottom of A65, I think the Board said it more clearly, where it said at the very last sentence, thus, although Figure 3 shows bit-line signals can be routed horizontally, and the global word-line signal can be routed vertically, neither the spec nor the claims require such routing. So maybe the configuration illustrated in Figure 3, one could imagine a scenario where you could have the connections laterally displaced. But that Figure 3 configuration could also create a scenario where there is no lateral displacement at all. And I think that's the point the Board was making. And finally, there's nothing in the claims. And then when you go look at the prosecution history, we don't see language like routing along the layer or laterally displaced interconnections or any of that kind of language that you want us to inject into the claim construction now. Your Honor, I'd like to address that at a couple of levels. First of all, the statement with respect to what Figure 3 itself teaches, I think is further clarified at Appendix 87, where the Board removes this sort of canned language and says, Figure 3 does in fact show the lateral displacement routing. But really the central premise of the Board's decision is to come back to the point that the specification is not limiting with respect to Figure 3. And that's certainly true. And the Board then says the claims are not limiting with respect to Figure 3, and that's incorrect because the claim language recites this local interconnect. Local interconnects comprising connections for the bit lines and the word line. And the meaning of that language that is in the claim that is limiting is evidenced by the prosecution history and restricted to the embodiment of Figure 3. And the associated teachings for that embodiment that are in Column 13 of the patent as well, and that teach this design. And in O are all the word line connections of the other layer? In O, exactly as in OSADA, there is lateral displacement in one layer, in the first layer for the word line, but not for the bit line. For none of them? For the word lines, but not the bit lines? Correct. And then the lateral displacement for the bit lines are in a second layer. And in fact... All of them? Yes. And AMD itself explained this with respect to OSADA at Appendix 183 with a very helpful diagram. And it's the same design for O. And in fact the Board found that O and OSADA are substantially the same. Your Honors, I'd like to reserve my time for rebuttal unless you would like me to also address substantially our bond. Thank you. We'll give you two minutes for your honor. Thank you. Okay. Good morning, Your Honors. Reese Wynn, Teresa Wynn for Apelli STL Microelectronics. May it please the Court. The Board's construction of the single local interconnect layer term was fully supported by the claim language and the specification. There's no support for Monterey's construction on the face of the patent and the sole basis for Monterey's appeal on this term is the prosecution history. The only dispute here is whether reversal is warranted when not a single statement in the prosecution history, either explicitly or implicitly, supports limiting the claimed interconnect layer to one where the local interconnects are routing signals laterally along the layer to connect laterally displaced contacts. So, do you agree that Figure 3 is an embodiment that is consistent with the patentee's construction but not the Board's? No, I disagree, Your Honor. Because if you take a look at Figure 3 of the 805 patent, which is referred to on page 28 of the red brief, you can see that the bit line interconnects are in blue. So, that's figures, that's elements 38 and 39. Where the contacts are on the lower levels connecting to those interconnects are those dotted squares or dotted structures. And there are no contacts for the upper layer bit lines. So, as the Board noted, there is no second contact to show that there would actually be routing along that interconnect to connect two contacts. And as Monterey in its below... Let me put it this way, because I'm having a little difficulty following. Is it true that in Figure 3 all the local interconnects are part of a single layer? Yes, that's right, Your Honor. So, that would seem to be consistent with the patentee's construction, right? But it doesn't show anything that would be consistent with the Board's broader construction? It's consistent with Monterey's construction in that there are interconnects on the same layer. But it's not consistent with this requirement that there would be routing of the signals along the layer. Well, construing the patent is not going to be limited to Figure 3. But what they're arguing, as I understand it, in the prosecution history, they're telling the PTO that Figure 3 is the only embodiment of the patent. I would disagree with that interpretation of the prosecution history, Your Honor. That's a different question, though. But suppose they said in the prosecution history the only thing that's covered by this claim is Figure 3. Then they would be correct as to their claim construction, no? I would still disagree, Your Honor, because Figure 3 doesn't show lateral routing along the interconnects. It shows a single layer, and that is what's reflected in the claim language. But it doesn't show lateral routing, which is what Monterey's construction requires. I'm really now deeply confused. I guess I... And I think you understand something about the words you're using that I don't. I hear you saying diametrically opposite things about whether Figure 3 shows lateral routing or not. And maybe that's different from interconnects not being in the same layer, or I guess I had understood those to be the same thing, that the interconnect for the relevant things, the bit lines and a word line, in their interpretation, their claim construction, that those interconnects are entirely in this layer. And now I don't understand whether you think that Figure 3 shows that or doesn't show that. Let me try to explain, Your Honor. I think those are two separate things. The interconnects being in the layer means the interconnects are located on the layer. Are interconnects little metal channels along which signals flow? Yes, that's right. So there are little metal channels along which signals flow between the things specified in this limitation. That's right. And they're in the layer. Yes. And there are bit line and word line interconnects on that layer, both the blue and the green here. So they're both on that single layer. Now, the lateral routing aspect of it means that the signals, what Monterey is saying, is that the signals must route laterally along the layer. And interconnects can also connect vertically through the layer. So from the lower layers through the interconnect, up to the upper layers. And that's also an interconnect. So you can have interconnects on the same layer. Some of those interconnects could be routing vertically through the layers, while other interconnects may connect laterally. What I'm hearing you say, just correct me, I keep hearing you now say that the interconnects are the endpoints of a signal path. And the signal path itself can be vertical or entirely horizontal, lateral, or can include a vertical component. But I thought you had earlier said, when I asked you about the little metal channels, that those in Figure 3 lie on this layer in Figure 3. Let me refer to the definition of a local interconnect. Maybe that would make it more clear. The specification defines a local interconnect as conductors that connect features within a circuit. So that doesn't mean that it's necessarily a channel that is connecting components, connecting figures laterally. In Figure 3, does the conductor between these bit line conductors, do they lie entirely in the layer? They do. The local interconnect itself is in that local interconnect layer. But it can connect signals vertically through the layer. So the lower level connector can connect up through the layer, through that local interconnect in the local interconnect layer, up to signals up above. The signals route vertically. But the local interconnect layer can also route the signals laterally. The Figure 3 allows that to occur laterally, but the claim also allows local interconnects that can connect vertically. Now you just switched from the figure to the claim. What I've been trying to understand is precisely what Figure 3 shows. And I don't understand how... I guess I keep hearing you say two opposite things. Figure 3 is open to interpretation. And that's also what Monterey admitted below. That it could be connecting signals vertically, but it could also be connecting signals laterally. You just can't tell from the figure because there's only one contact. There's not a second contact. If there was another contact shown, and that's that dotted line contact on the interconnect square. If there was another contact... So like the little 16C dotted line. That's right. And what is that supposed to connect to? So that's the contact below. So the patent says that that connects to the polysilicon structures and the active regions on the layer below. What you need is a second contact to understand whether it's connecting vertically. So the second contact could be stacked right on top and then it would be connecting vertically. But if it is instead, if there's another contact that was on the other end on the right side of the local interconnect, then it would be routing laterally. But we just don't know because the figure doesn't show it. And so there's no requirement in this figure that it would be routing laterally because there's no second contact that shows lateral routing. Okay, but let's be clear about what the two different plane constructions are. As I understand the board's construction, they're saying you could have local interconnects at another layer, but all that's required is that the single layer be exclusively concerned with interconnects and not do anything else. Whereas in the patentee's construction, they're saying all local interconnects have to be at one layer. They can't be in part on the top layer. And I understand that. Do you agree that my description of the two different plane constructions is correct? No, your honor. I would disagree with that because the board's construction does allow for a single, like one conductive layer is what the board says. But Monterey's construction specifically says routing the bit line signals and the word line signal along that layer. That's the distinction that they're trying to make. Can I try to see if I can understand this? Figure three is a top-down view of the interconnect layer, right? That's right. And underneath that is a polysilicon layer. And underneath that is the silicon substrate where the active regions are. Yes. And then above this layer, we can't see it in this top-down view, but above that will be metal layers. One for the bit lines and one for the word line. And so we have these dotted boxes and rectangles showing the contact region for all these different interconnects to layers below. So for the bit line interconnect 38, we see a dotted line 16C showing the contact region for things below, like the polysilicon layer and the substrate. What we don't know is where would the contact region be for the bit line layer itself that's above this figure three? If there was another dotted box from the bit line layer that covered the 16C dotted box, then there wouldn't be any lateral displacement. Then there wouldn't be any signal running along the length or width of this bit line interconnect 38, right? Yes, that's right. But on the other hand, if the dotted box that would correspond to the contact region for the bit line layer was offset from 16C and was, say, on the other end of bit line interconnect 38, then what you would have would be a signal traveling along the length of bit line interconnect 38 so that it could connect up with the bit line layer above, right? Yes, that's exactly correct. But from figure three and from the patent itself, we don't know which way, where that contact region for the bit line layer would actually be located above bit line interconnect 38. It could be right over 16C or it could be offset. And so figure three by itself doesn't tell us one way or another whether it is a requirement for the interconnection to be laterally displaced. Yes, that's right. So even if the patentee had limited his invention to figure three, which I don't think is reflected in the prosecution history, but even if that were so, figure three doesn't limit the claim to lateral rounding. Okay, so does that mean that the board's description of figure three on page 87 is incorrect, where they say, as I said, the embodiment showing figure three illustrates routing bit line and bit line signals along the single interconnect layer? I think it is incorrect, Your Honor, and the board was a little bit inconsistent in its descriptions here because it did also explain that figure three doesn't disclose those locations and thus doesn't necessarily disclose lateral rounding. So when it said what it said at the bottom of page 65, wouldn't that be a more accurate description by the board of what's going on in figure three? Yes. When it said, although figure three shows bit line signals can be routed horizontally and a global word line signal can be routed vertically, neither the specification nor claims require such routing. Yes, that's right. So in that way, the claims perhaps encompass both lateral displacement situations and no lateral displacement situations. Yes, that is correct. I wanted to briefly address Monterey's assertion that it's actually the word local in the word local interconnect that creates this lateral displacement requirement. This is a new argument that wasn't raised in the opening brief. They never raised the construction of local interconnect. They only emphasized the patent owner's amendment to add the word single and the claims requirement that the interconnect layer has to include both word lines. Let's look at 1262 in the statement we were focusing on earlier. The patent owner observed that all of the runs for the bit lines and the word lines are provided in a single layer of figure three. If they had left out the reference to figure three there, that would be a statement of the patentee's construction, correct? Yes, as to the single layer aspect, yes, Your Honor. So the reason that you say that this doesn't help them is because of the reference to figure three. No, because the reference here in the prosecution history is just to the single layer aspect. The patent owner may have attempted to distinguish Osada, but not on the basis of whether or not there was lateral rounding. They're talking about the single layer. That single layer is actually in the claim language already. It calls for a single local interconnect layer. So there's no question about whether or not there should just be a single layer of local interconnects, including both the bit line and the word line interconnect. The distinction is based on this new lateral rounding requirement that Monterey is attempting to import into the claims. There was some kind of disclaimer, but it was a very limited type of disclaimer that happened in the prosecution history that has nothing to do with the single interconnect layer having laterally displaced connections where bit line signals are being routed horizontally across the interconnect layer. None of that is in the prosecution history, right? Yes, that's right. And as you've stated before... And that's what they've come here to ask for us to read into the claim based on that kind of an interpretation of what happened in the prosecution history. Yes, that's right. You just agreed that there was some kind of disclaimer. What do you think the scope of that disclaimer was? It's limited to this idea of there being a single layer. That's the amendment that the... Of what? Of interconnects. So there's just one conductive layer of local interconnects rather than multiple layers. The bit line layer interconnects and the word line layer interconnects have to be in this one layer. Yes, that's right. And that layer is exclusively dedicated to interconnects. Yes, that's right. That's the disclaimer. That is. That's the distinction that was made in this reply. Do you agree that they displayed having interconnects performed in another layer? No. So there can be interconnects formed in other layers, How is that inconsistent with what they said? Because the patentee said that there has to be one layer exclusively dedicated to local interconnects. No, that's not what this says. Not what the patentee said in the prosecution history? No, but we'll focus on what they said in the prosecution history. They're saying that all the runs, the bit lines and the word lines are provided in a single layer. So that means all the local interconnects are provided in a single layer, correct? That is correct, but the patent also defines a local interconnect layer as... No, no, no, no, no. Stick with the prosecution history, okay? Because the prosecution, the theory is that the prosecution history limited the patent to a subset of what was originally claimed. And so they're saying all the local interconnects are provided in a single layer. If you leave out figure three, that would seem to be fully consistent with the patentee's construction and inconsistent with the board's construction. No? Well, it's not inconsistent with the board's construction. The board's construction says one conductive layer containing the non-global interconnects, including interconnects for both bit lines and the word lines. The board's construction can be local interconnects at another layer because the board's construction only requires that the single layer itself be exclusively concerned with interconnects. I don't think that that is what the patent owner was disclaiming here, that there could not be interconnects in other layers. I don't understand. I mean, the language leaving out the reference to figure three seems to be pretty clear on its face, saying, oh, the interconnects happen on one layer. I think there is ambiguity there, that one layer could contain all of these types of interconnects, and that some of the other layers may include those types of interconnects, too. But there must be a single layer that has all of these interconnects. Has the patent owner in this appeal ever argued that under their understanding of the claim, there can be no interconnects in any other layer than the single interconnect layer? No, that's not an argument that the patent owner has made. Their understanding of the prosecution history disclaimer is more devoted to this idea of having laterally displaced interconnections along the single interconnect layer. Yes, that is what the dispute here is about, and that's what Monterey's construction is about. That's what they've been focusing on in their briefing. Was there agreement in this case about what this word runs means as a noun? No, Your Honor, and that's something that the patent owner said in the prosecution history. It's not clear what was meant there. That's also an ambiguous use of the term, and there's no agreement from either side about, or the board on what that meant. But runs aren't necessarily lateral routing either. A run, a connection between features in the circuit, which is what a local interconnect is defined to have, it connects features within a circuit, and runs can connect vertically. They don't necessarily have to connect laterally. Okay, but I understand that, but runs means local interconnects, right? It does. I don't know what it means exactly here, Your Honor, but it's referring to local interconnects. What else could it mean besides local interconnects? The way the signal runs, but I think they are referring to local interconnects in this particular sentence on page 1262. Anything else? All right, thank you. Mr. Your Honors, I'd like to clarify a few points of confusion or ambiguity that I think are really critical to resolving the issues. First of all, my friend on the other side moved back and forth between the term interconnects and local interconnects, and there's a very important distinction between them. Could you just help us and give us your articulation of what single local interconnect layer means in this claim in one sentence? It is a single layer in which the local interconnects for the bit lines and the word line are on that same layer and they laterally displace the connections so that they can make lateral connections to the next layers. If we were to conclude after looking at the prosecution history that there isn't any requirement of lateral displacement for that connection, then is that the end of the case? At least on this issue, I understand there's that substantially oblong piece. The horizontal requirement or lateral displacement requirement is critical to the dispute. That requirement is evidenced for example at Appendix 1812 to 1813, and this is a place where the prosecution history ties Figure 3 once again directly to the amended claim language. The questions you asked, Judge Chen, I understand about the fact of the contacts and showing them in other dimensions. That is explained for example in Column 13 in connection with the description of Figure 3. It shows or it tells us that those local interconnects in Figure 3 connect to components that are in Figure 2. In our opening brief at page 45, we provided an overlay of Figures 2 and 3 where we show the lateral displacement happening with respect to the upper contact points that are depicted in Figure 2. I would say at the end of the day, it's important not to lose sight of the forest for the trees here. AMD recognized in its petition what this prosecution history language means. Drawing at Appendix 183 from AMD itself with respect to OSADA tells us how it is that the patentee distinguished OSADA. The construction that the board gave and that my friend on the other side seeks would have the result at the end of the day of encompassing OSADA's design. Neither Figures 2 nor 3 show us the bit line layer or word line layer overlapping the interconnect layer, right? I believe they do, Your Honor. I think it's in the description of the patent in terms of those components. I could see some kind of overlap in Figures 2 or 3 of the bit line layer. Where would that be? Your Honor, I see your active regions. I see your interconnects. Sure. I think it's important to pay attention here to the design of the local interconnects and the fact that they are substantially oblong. That is the whole purpose. Designers don't waste real estate in these very precious semiconductor devices for no reason. If they wanted to route it only vertically, they would create square interconnects that would not be local interconnects. That's what OSADA does. But in Figure 3, we have these substantially oblong interconnects. The entire purpose of using that real estate... When you say substantially oblong, you mean these rectangular interconnects? I mean based on the description that's in the patent's written description. The purpose of that is the ladder of displacement. Otherwise, they wouldn't waste that real estate. They would just create a square, as OSADA did or O did, so they could have a vertical routing. Has it ever been your understanding of single interconnect layer that every single interconnect in a memory cell has to be on the single interconnect layer or there can still be interconnects on other layers? No, Your Honor. The distinction is between local interconnects and just interconnects that are not local. Wait, wait, wait. You said no to my question as to whether it's your interpretation that all interconnects have to be on the single interconnect layer. In other words, your claim interpretation is open to having interconnects on other layers other than the single interconnect layer. Correct. It is not open to having local interconnects on other layers with respect to the bit lines and the word line. Now, there are other dependent claims that further restrict Claim 8 with respect to the nature of the local interconnects and what has to be in that single layer, but Claim 8 itself is directed to the bit lines and the word line and with respect to those, all of the local interconnects for those which are the structures that laterally displace have to be in that one single layer.